

Thomas M. Semmes, Anniston, AL, for debtor/plaintiff, Roger Dale Farmer.

David C. Livingston, Turnbach & Warren, P.C., Gadsden, AL, Roger Killian, Fort Payne, AL, for defendant, Betty Rex Ann Farmer.

Thomas D. Samford, IV; James Allen Main and Jerre L. Beasley, Beasley, Wilson, Allen, Mendelsohn, Jemison & James, P.C., Montgomery, AL, for defendant Randall L. Cole.

**In re Roger Dale FARMER, Debtor.**

**Roger Dale FARMER, Plaintiff,**

v.

**Randall L. COLE as Circuit Judge of the 9th Judicial Circuit of Alabama, and Betty Rex Ann Farmer, Defendants.**

**Bankruptcy No. 90–15011.
Adv. No. 91–40001.**

United States Bankruptcy Court,
N.D. Alabama.

Jan. 7, 1991.

MEMORANDUM AND ORDER ON DEBTOR'S REQUEST FOR INJUNCTION TO HALT VIOLATION OF AUTOMATIC STAY

L. CHANDLER WATSON, Jr.,
Bankruptcy Judge.

The above-styled adversary proceeding was commenced in the above-styled chapter 13 bankruptcy case by the complaint of the debtor, Roger Dale Farmer, filed herein on January 4, 1991, at 10:56 a.m. Said chapter 13 bankruptcy case is pending before this Court under the debtor's petition filed in this Court on December 17, 1990.

This adversary proceeding is the product of the efforts by the defendant Betty Rex Ann Farmer to collect "support and alimony ordered by" the Circuit Court of DeKalb County, Alabama, and that Court's order (defendant the Honorable Randall L. Cole, Circuit Judge, presiding) of December 26, 1990, that said debtor be incarcerated unless the debtor had paid, by 4:00 o'clock on January 4, 1991, "the arrearage in support and alimony [then] due," if the principal allegations of the debtor's complaint and motion for injunctive relief and the purported copy of the order of defendant Judge Cole can be substantially relied upon.

There is no affidavit or other form of evidence offered to the Court in this proceeding, as far as the Court is aware; however, Bankruptcy Rule 9011(a) states that the signature of the debtor-plaintiff's attorney (Thomas M. Semmes, Esquire) "constitutes a certificate that the attorney ... has read the [complaint and motion]; that to the best of the attorney's ... knowledge, information, and belief formed after reasonable inquiry [they are] well-grounded in fact and ... warranted by existing law...."

The copy of the purported order of defendant Judge Cole contains a reference to the opinion in *In re Stringer*, 847 F.2d 549 (9th Cir.1988), and this apparently is the basis for defendant Judge Cole's conclusion that his order would not be contrary to the constraints imposed by the automatic stay occurring upon the commencement of this bankruptcy case by virtue of the provisions of 11 U.S.C. § 362(a). The Bankruptcy Court is, however, of the opinion that, taking the principal allegations of the complaint and motion for injunctive relief as being substantially correct, the State Court has been led by the dictum of the 9th Circuit case to a misapplication of the provisions of 11 U.S.C. § 362(b)(2) which excepts from the stay "the collection of alimony, maintenance, or support from property that is not property of the estate."

 The question turns upon what is "property of the estate," for it appears fairly obvious that the debtor is being coerced to obtain from property or wages or some other source money to pay an arrearage which he has allowed to develop in "support and alimony" due the defendant Betty Rex Ann Farmer, "awarded by order of court entered prior to the filing of [the] petition in bankruptcy." [Quoted from the purported copy of the State Court order.] In any event, it appears that the resources for complying with the State Court order to pay the arrearage would be property of the estate. Virtually any property which the debtor had at the time of the filing of the chapter 13 bankruptcy petition, excepting any property properly exempted under state exemption laws, was made property of the estate under the provisions of 11 U.S.C. § 541. Any money or other property which the debtor may have acquired since then or hereafter acquires during the pendency of this case, whether from wages or begging or borrowing—probably, not stealing—became or becomes property of the estate under the provisions of 11 U.S.C. § 1306(a) and "shall remain in possession of" the debtor, "[e]xcept as provided in a confirmed plan or order confirming the plan." This provision in § 1306 constitutes a distinct departure, with respect to after-acquired property, from the concept of property of the estate in a chapter 7 bankruptcy case. In a chapter 7 bankruptcy case, with modest exceptions, the property of the estate encompasses interests in property held by the debtor prepetition, but in a chapter 13 case all such interests (including earnings from the debtor's services) arising postpetition are included in property of the estate.

The debtor, under the purported copy of the State Court order, is being required to utilize either prepetition property of the estate or postpetition property of the estate to satisfy the arrearage in the "alimony and support" which accrued prior to the filing of the chapter 13 bankruptcy petition. This being an effort by defendant Betty Rex Ann Farmer to enforce against property of the estate a judgment which was obtained before the commencement of the bankruptcy case, her actions are not excepted from the constraints of 11 U.S.C. § 362(a)(2) by the provisions of subsection (b)(2).

It thus appears that the State Court order, whether issued from a commendable desire to enforce alimony and support obligations or an understandable vexation from the failure of obligated parties to meet such obligations or from an understandable infrequent encounter with the bankruptcy statute or from a combination of these, runs counter to the provisions of the federal statute and offends against its supremacy.

*Conclusion*

There, obviously, being no sufficient compliance with the minimum requirements of Bankruptcy Rule 7065, with respect to

notice and evidence, for the Bankruptcy Court to issue a temporary restraining order, that sort of relief to the debtor has received consideration of only a short duration. In view, however, of the representations of counsel, implied under the provisions of Bankruptcy Rule 9011(a), it appears to the Bankruptcy Court that an evidentiary hearing on these matters should be held as soon as is reasonably practicable, unless the defendants expressly advise the Bankruptcy Court of their retreat from the positions indicated in the purported copy of the State Court order and their intentions not to proceed further in the matter under discussion for the duration of the statutory stay.

### *Order of the Court*

For cause, it is ORDERED by the Court that the foregoing matter is set down for an evidentiary hearing before the Bankruptcy Court, 112 United States Courthouse, 12th and Noble Streets, Anniston, Alabama, on Tuesday, January 8, 1991, at 3:15 o'clock p.m., and that counsel for the debtor advise the defendants of said hearing and the contents hereof by electronic means at the earliest practicable time, as well as deliver to each a copy hereof as far in advance of said hearing as is reasonably practicable.