In re Louis R. BROCKINGTON and Anne M. Brockington, Debtors.

Louis R. BROCKINGTON and Anne M. Brockington, Plaintiffs,

v.

The CITIZENS AND SOUTHERN NATIONAL BANK OF SOUTH CAROLINA, and James A. Bescher, Individually and James A. Bescher, Lawrence F. Rubinosky, individually and Lawrence F. Rubinosky, d/b/a American Lenders Service Co., Defendants.

Bankruptcy No. 90–00998.
Adv. No. 90–8101.

United States Bankruptcy Court, D. South Carolina.

Feb. 1, 1991.

George C. Reaves, Florence, S.C., for plaintiffs.

Thomas E. Lydon, III, Nelson, Mullins, Riley & Scarborough, Columbia, S.C., for Citizens & Southern.

Richard C. Thomas, Barnes, Alford, Stork & Johnson, Columbia, S.C., for all other defendants.

WILLIAM THURMOND BISHOP, Bankruptcy Judge.

This matter came before the Court for trial on the merits of an adversary complaint filed by the debtors seeking damages for violation of the automatic stay pursuant to 11 U.S.C. Section 362(h).

## FACTS

1. The debtors filed for relief under Chapter 13 of the bankruptcy code on March 16, 1990, and R. Geoffrey Levy was appointed bankruptcy trustee.

2. The Citizens and Southern National Bank of South Carolina ("C & S"), holder of a perfected security interest in the automobile of the debtor, Louis R. Brockington, retained American Lenders Service Company of Florence ("American Lenders") for the purpose of repossessing this vehicle.

3. The debtors did not notify C & S of the bankruptcy filing prior to March 22, 1990, and the parties stipulated that the section 341 bankruptcy notice was mailed no earlier than March 21, 1990.

4. The defendant, Lawrence F. Rubinosky, is the owner and sole proprietor of American Lenders and employed the defendant, James A. Bescher ("Bescher"), who on the date and time in question was under his direct control and supervision.

5. By Order of this Court entered December 4, 1990, C & S was dismissed as a defendant because American Lenders was an independent contractor, not its servant, and as such liability is not imputed to C & S.

6. Bescher, acting within the scope of his employment, went to the debtors' residence on March 22, 1990 to repossess this debtor's automobile and did in fact tow the automobile from the debtors' residence on March 22, 1990.

7. Upon confirming that the debtors had in fact filed bankruptcy, the automobile was returned to the debtors the following morning of March 23, 1990.

8. Although the testimony of Bescher and the debtor Louis R. Brockington is in conflict is many instances, this Court is of the belief that the debtor is more believable and accordingly, finds:

(a) Bescher was told by this debtor prior to the repossession on March 22, 1990, that he had filed Chapter 13;

(b) This debtor offered to produce papers in his possession to substantiate his filing but did not do so because Bescher looked upon a bankruptcy filing with contempt and was not interested in seeing them. Furnishing further proof would have served no useful purpose.

(c) Bescher knew the legal effect of a Chapter 13 filing, despite his disclaimer, as he had taken business law courses at Florence–Darlington Technical College and Francis Marion College. His alleged ignorance of the consequences of a Chapter 13 filing is also inconsistent with his assertion that he requested proof of the debtors' filing prior to repossessing the vehicle.

9. The debtor, Louis Brockington, failed to meet his burden of proof as to any causal connection between the repossession of his vehicle and any medical treatment resulting from an alleged aggravation of his pre-existing heart condition.

10. As a result of this repossession and adversary action the debtor, Louis R. Brockington, missed days from work. This adversary action also required the need for the services of an attorney.

## ISSUE

Did the acts of the defendants, James A. Bescher and Lawrence F. Rubinosky, d/b/a American Lenders Service Co. of Florence, constitute a willful violation of the automatic stay under § 362(h) of the Bankruptcy Code?

## DISCUSSION

■■ The automatic stay goes into effect when the petition for relief is filed, not when the creditor learns that the petition has been filed. *Smith v. First America Bank,* 876 F.2d 524 (6th Cir.1989) *See, In re Boston Business Machines,* 19 C.B.C.2d 435 (Bankr.E.D.Pa.1988); 2 *Collier on Bankruptcy,* ¶ 362.03 (15th ed. 1989). Actions by creditors to collect a debt from the debtor, which are taken after the filing of a bankruptcy petition, are void *ab initio* and of no legal effect. *See, Kalb v. Feuerstein,* 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940); *Borg–Warner Acceptance Corp. v. Hall,* 685 F.2d 1306 (11th Cir. 1982); *In re Eisenberg,* 7 B.R. 683 (Bankr. E.D.N.Y.1980). Such actions are invalid even though the creditor had no notice of the bankruptcy filing. *In re Miller,* 10 B.R. 778 (Bankr.D.Md.1982); *In re Stephen W. Grosse, P.C.,* 68 B.R. 847 (Bankr. E.D.Pa.1987).

When there is notice or knowledge of the bankruptcy filing, 11 U.S.C. Section 362(h) sets forth the consequences of violating the automatic stay provisions of the bankruptcy code. Section 362(h) provides

[A]n individual injured by any willful violation of a stay provided by this section shall recover actual damages including costs and attorney's fees, and in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(h); *In re Dungey,* 99 B.R. 814 (Bankr.S.D. Ohio 1989); *Archer v. Macomb County Bank,* 853 F.2d 497 (6th Cir.

1988); *In re Holman,* 92 B.R. 764 (Bankr. S.D.Ohio 1988).

A useful definition of "willful" has been adopted by several courts:

A "willful violation" does not require a specific intent to violate the automatic stay. Rather the statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional. *In re Bloom,* 875 F.2d 224 (9th Cir.1989); *In re Inslaw, Inc.,* 83 B.R. 89 (Bankr.D.Dist.Col. 1988); *In re Allen,* 69 B.R. 461 (Bankr. E.D.Pa.1987); *In re Mews [Mewes ],* 58 B.R. 124 (Bankr.D.S.D.1986); *In re Tel–A–Communications Consultants, Inc.,* 50 B.R. 250 (Bankr.D.Conn.1985). Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was "willful" or whether compensation must be awarded. *In re Bloom,* supra.; *In re Inslaw, Inc.,* supra.; *In re AM International, Inc.,* 46 B.R. 566 (Bankr.M.D.Tenn.1985).

■■ Each violation of the automatic stay must be considered in its entirety, with due consideration of the underlying facts prior to any levy of sanctions. *In re Zunich,* 88 B.R. 721 (Bankr.W.D Pa.1988), *In re Ramage,* 39 B.R. 37 (Bankr.E.D.Pa. 1984). A lack of any written notice is one fact to be considered. The moving party bears the burden of proof in order to prevail on an action for violation of the automatic stay and must prove his case by clear and convincing evidence. *In re Zunich,* supra; *In re Wagner,* 74 B.R. 898 (Bankr. E.D.Pa.1987); *In re Mack,* 46 B.R. 652 (Bankr.E.D.Pa.1985).

A creditor or its agent who disregards the statement of a debtor, even if uncorroborated, that a filing has occurred does not always proceed with impunity. Continuing the repossession is a risk which many may wish to take, as individuals about to involuntarily lose possession of their property often may make false statements or misrepresentations, including that of an existing bankruptcy filing, to thwart or hinder such loss. On the other hand if the debtor is correct, a creditor or its agent cannot

deny having been forewarned by one who should best know, the debtor itself.

 This Court concludes and so rules that disbelief of a debtor's filing because his or her statement is unaccompanied by other proof or corroboration is no defense to a willful violation of the stay. *In re Wariner,* 16 B.R. 216 (Bankr.N.D.Texas 1981); *In re Weiss,* 108 B.R. 570 (Bankr. S.D.W.Va.1989). The prudent policy is to temporarily stop, confirm, then proceed if authorized even if resumption of the repossession might then require a state court order. (Relief may also be available in state court for a creditor as a result of false statements or misrepresentations of a "debtor.") Assuming, arguendo, that some degree of corroboration of a filing is required, in this case the debtor would have wasted his time to produce it as Bescher was not interested and any substantiation would have been to no avail.

Accordingly, this Court is of the belief that the debtors are entitled to damages, both actual and punitive, and to attorney's fees and costs as a result of a willful violation of the automatic stay.

The debtor, Louis R. Brockington, testified that he missed 5 days from his work making $6.75 per hour. Upon close examination it appears that at that time he earned only $6.60 per hour for an eight hour work day and that it was not actually necessary for the debtor to miss 2 of those days. This Court finds the debtors are entitled to $158.40 for loss of wages.

The Court is also of the belief that the debtor is not entitled to the payment of his hospital expenses, physician's bill, or radiological bill as there is no proof of a causal connection between the repossession and any ensuing medical treatment for an alleged aggravation of a heart condition.

As to attorney's fees, this Court will set a hearing for debtors' attorney to substantiate his time expended in the matter to include reimbursement for his costs.

The debtors are entitled to punitive damages because of the conduct involved, mitigated however, by the fact that the defendants had received no prior written notice and by the fact that the vehicle was voluntarily returned to the debtors the next day. As a result, punitive damages are set at $500.00.

Now therefore, it is

ORDERED AND DECREED that the plaintiffs have judgment against the defendants, James A. Bescher and Lawrence F. Rubinosky, d/b/a American Lenders Service Company of Florence for a willful violation of the automatic stay under § 362(h) as follows:

*First:* for actual damages in the amount of $158.40.

*Second:* for attorney's fees and costs, to be determined and awarded at a hearing set on Feb. 19, 1991 at 9:30 o'clock A.M., at the Federal Building, 1100 Laurel Street, Columbia, South Carolina.

*Third:* for punitive damages in the amount of $500.00.