**In re Carlos M. SUAREZ, Jr.,**
**SS # 070–40–3678, Debtor.**

**Bankruptcy No. 13–92–11081 M A.**

United States Bankruptcy Court,
D. New Mexico.

Jan. 8, 1993.

Order Withdrawing and Reversing
Memorandum Opinion
Jan. 8, 1993.

Order Granting Motion to Recover
Garnished Wages
Dec. 18, 1992.

Order Denying Motion for Clarification
Jan. 8, 1993.

Juanita S. Roibal, Albuquerque, NM, for debtor.

Elizabeth Stacy Vencill, Albuquerque, NM, for Gladys Suarez.

### ORDER WITHDRAWING AND REISSUING MEMORANDUM OPINION

MARK B. McFEELEY, Chief Judge.

IT IS ORDERED that the Memorandum Opinion in this matter issued December 18, 1992, is hereby withdrawn and the opinion enclosed herewith is issued in its place.

### MEMORANDUM OPINION

This matter came before the Court on Debtor's Motion to Recover Garnished Wages in Violation of Stay. Having considered the facts, the memoranda of law, the applicable law, and otherwise being fully informed and advised, the Court finds the motion is well taken and will be granted.

## FACTS

In December of 1990, the marriage of the debtor Carlos Suarez ("Debtor") and his former wife Gladys Suarez ("Gladys") was dissolved by a Final Judgment of Dissolution of Marriage entered by the Eighteenth Judicial Circuit Court for Brevard County, Florida. The judgment ordered the Debtor to pay to Gladys $200 per month for 24 months as rehabilitative alimony and $600 per month as permanent periodic alimony. On November 18, 1991, the circuit court entered an Income Deduction Order which ordered the Debtor's employer to deduct $800 per month, plus a monthly processing fee, from monies owed to Carlos. The amount to be deducted was not to exceed 50% of the Debtor's monthly income.

Carlos Suarez filed a Chapter 13 proceeding in New Mexico on April 16, 1992. Notice of the bankruptcy was mailed to Gladys' attorney on April 20, 1992.

On or about May 7, 1992, Gladys filed a Motion to Amend Income Deduction Order with the Brevard County circuit court. An Amended Income Deduction Order was entered by the circuit court on or about June 5, 1992, which ordered the Debtor's employer to deduct $800 per month from amounts owed to the Debtor and to remit the money to Gladys' attorney for deposit into a trust account under his control.

## DISCUSSION

The Debtor asserts that both his pre-petition and post-petition earnings are property of the estate and that garnishment of his wages is a violation of the automatic stay. The Debtor seeks return of the garnished wages, attorney fees, and compensatory damages. Gladys Suarez asserts that the garnished wages are not subject to the automatic stay because the garnished wages are subject to Gladys' equitable interest and are, therefore, not property of the estate.

## I. VIOLATION OF THE AUTOMATIC STAY

▪ The phrase "property of the estate" is defined in Section 541. In a Chapter 13 proceeding this definition is expanded by Section 1306, which states "Property of the estate includes, ... earnings from services performed by the debtor after the commencement of the case and before the case is closed...." 11 U.S.C. § 1306(a)(2); *Mack v. Dept. of Public Welfare*, 46 B.R. 652, 655 (Bankr.E.D.Pa.1985); Thus, the Debtor's post-petition wages are property of the bankruptcy estate.

▪ Garnishment of a Chapter 13 debtor's post-petition earnings is a violation of the automatic stay. *Mack*, 46 B.R. at 656. Garnishment is an act to collect or recover a claim from property of the estate, whether the garnishment is filed prior to or subsequent to the filing of the bankruptcy petition. *O'Connor v. Methodist Hospital of Jonesboro, Inc. (In re O'Connor)*, 42 B.R. 390, 392 (Bankr.E.D.Ark. 1984). The automatic stay protects all property of the estate and prohibits any proceedings against property of the estate, even when the proceedings are "designed to enforce alimony or support obligations." *Moore v. Moore (In re Moore)* 22 B.R. 200, 201 (Bankr.M.D.Fla.1982); *See also, Matter of Daugherty*, 117 B.R. 515, 518 (Bankr.D.Neb.1990).

▪ It is immaterial that the original order of garnishment occurred prior to the filing of the bankruptcy petition. Pursuant to 11 U.S.C. Section 362, the automatic stay which is created by the filing of a bankruptcy petition prohibits "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case" under Title 11. *In re Raboin*, 135 B.R. 682, 684 (Bankr.D.Kan.1991); 11 U.S.C. Section 362(a). The operation of a garnishment order to enforce a judgment for support is, therefore, automatically stayed. *Raboin*, 135 B.R. at 684.

▪ Here, Gladys Suarez seeks collection on a judgment for alimony through the garnishment of the Debtor's post-petition earnings. The judgment for which Gladys seeks collection was entered against the Debtor before his bankruptcy proceeding was filed. The Debtor's post-petition earnings are property of the estate. Thus, the

Debtor's post-petition wages were garnished in violation of the automatic stay and are property of the bankruptcy estate.

 Gladys Suarez's assertion that she has an equitable interest in the income and property of the Debtor due to the award of alimony by the Florida court is unsupported by case law. The award of alimony is, however, not dischargeable. In a case such as this, if the alimony payment is not dealt with by the plan, or if the debtor fails to perform under the terms of the plan, the party due alimony payments may seek relief from the automatic stay or seek to have the case dismissed or converted to a Chapter 7 proceeding.

 The Debtor also asserts that wages garnished within the ninety days prior to filing the Chapter 13 petition are property of the estate. The Debtor, however, states no authority for this assertion. It appears to this Court that the Debtor is asserting that wages garnished within ninety days of filing the Chapter 13 petition constitute a preferential transfer under Section 547 of the Bankruptcy Code. However, a preferential transfer action has not been filed nor has the movant asserted the elements required to recover a transfer under Section 547. This Court finds that monies paid pursuant to the writ of garnishment prior to the filing of the bankruptcy petition are not affected by the automatic stay and are not, absent some other action being brought, property of the estate.

## II. RELIEF FOR VIOLATION OF THE AUTOMATIC STAY

Section 362(h) states the consequences of violating the automatic stay provisions of the bankruptcy code. Section 362(h) states:

> [A]n individual injured by any willful violation of a stay provided by this section shall recover actual damages including costs and attorney's fees, and in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(h).

A "willful violation" of the automatic stay does not require specific intent to violate the stay. In *In Re Brockington,* that court stated:

> A "willful violation" does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional.

*Brockington,* 129 B.R. 68 (Bankr.D.S.C. 1991); *In Re Bloom,* 875 F.2d 224 (9th Cir.1989); *See also, In Re Mewes,* 58 B.R. 124 (Bankr.D.S.D.1986); *In Re Tel–A–Communications Consultants, Inc.,* 50 B.R. 250 (Bankr.D.Conn.1985).

 Any affirmative step to proceed with a garnishment is a willful violation of the automatic stay. *O'Connor,* 42 B.R. at 392. Whether a party believes in good faith that it had a right to the property is not relevant to whether the act was "willful" or whether compensation must be awarded. *In Re Brockington,* 129 B.R. at 70.

 Here, Gladys Suarez continued to pursue garnishment despite having notice that the Debtor had filed bankruptcy. While Gladys did obtain an order putting the garnished money into a trust account Gladys nevertheless pursued the garnishment. Thus, Gladys acted knowingly, and, therefore, willfully.

 The Debtor has asserted that he is entitled to return of wages garnished pre-petition, wages garnished post-petition, reasonable attorney fees, and compensatory damages for the loss of use of the garnished wages. The Debtor has also requested compensation for the anguish and embarrassment caused by the garnishment. The Debtor, however, has presented no evidence as to what damages he has incurred over and above attorney's fees.

This memorandum opinion constitutes the Court's findings of fact and conclusions of law. Fed.R.Bankr.P. 7052. An appropriate order shall enter.

## ORDER GRANTING DEBTOR'S MOTION TO RECOVER GARNISHED WAGES IN VIOLATION OF STAY

This matter came before the Court on the Debtor's Motion to Recover Garnished

Wages in Violation of Stay. Pursuant to the Memorandum Opinion entered herewith,

IT IS ORDERED that the writ of garnishment be released, that the wages garnished post-petition be returned to the Debtor, and that the Debtor's reasonable attorney fees be paid by Gladys Suarez.

The Debtor shall have fifteen days to submit an application for attorney fees and Gladys Suarez shall have an additional ten days to file any objection to the application. If no objection is received by the Court within that period of time, the requested fees shall be awarded. If a timely objection is filed, a hearing will be set to determine the reasonableness of the attorney fees charged.

ORDER DENYING MOTION FOR CLARIFICATION OF ORDER GRANTING DEBTOR'S MOTION TO RECOVER GARNISHED WAGES IN VIOLATION OF STAY

This matter came before the Court on the Gladys Suarez' motion for clarification of this Court's order granting the Debtor's motion to recover wages garnished in violation of the automatic stay.

The Court has considered the motion to clarify this Court's order and finds it to be without merit. The motion for clarification presents issues which were not presented in the movant's brief and which were not considered by this Court. However, the motion demonstrates the need for clarification of the Memorandum Opinion issued in this matter. This Court has, therefore, withdrawn its previous opinion in this matter and issued a new opinion.

IT IS THEREFORE ORDERED that Gladys Suarez's motion for clarification of this Court's order be denied.