**UNITED STATES of America, Plaintiff,**

v.

**Clark V. CHRISTENSEN, Defendant,**

**and**

**M & R Inc., d/b/a Gayville & Wakonda Grain & Milling, Gayville, South Dakota, Garnishee.**

**No. CIV 95–4139.**

United States District Court,
D. South Dakota,
Southern Division.

Sept. 19, 1996.

LeAnn Larson LaFave, U.S. Attorney's Office, Sioux Falls, SD, for Plaintiff.

Clark V. Christensen, Wakonda, SD, pro se.

M & R Inc., Gayville & Wakonda Grain, Gayville, SD, for M & R Inc.

## MEMORANDUM OPINION AND ORDER

PIERSOL, District Judge.

On August 21, 1996, pursuant to the Federal Debt Collection Procedures Act, the government filed with the Clerk an "Application For Writ Of Continuing Garnishment" on the Default Judgment entered against the defendant, Clark V. Christensen, in the amount of $35,815.49, plus post-judgment interest, amounting to $37,887.86 due as of August 20, 1996. The Clerk issued the Clerk's Notice of Post–Judgment Garnishment the same day. On August 23, 1996, the government served upon defendant Christensen and upon the garnishee, M & R Inc., d/b/a Gayville & Wakonda Grain & Milling, the government's Application, the Writ of Continuing Garnishment, Instructions to the Garnishee, the Clerk's Notice of Post–Judgment Garnishment, and a Claim for Exemption Form. The garnishee answered, and defendant Christensen filed a claim of exemptions and requested a hearing. Prior to the hearing held on Monday, September 16, 1996, defendant Christensen amended his claim of exemptions.

■ The government challenges defendant Christensen's attempt to claim the Bankruptcy Code exemptions as well as a federal law exemption for weekly net disposable wages. Section 3014(a) of Title 28 provides, "An individual debtor may, in an action or proceeding under this chapter, elect to exempt property listed in either paragraph (1) or, in the alternative, paragraph (2)" of the statute. "Paragraph 1 exemptions" are those specified in the Bankruptcy Code at 11 U.S.C. § 522(d). "Paragraph 2 exemptions" are "any property that is exempt under Federal law, other than paragraph (1), or State or local law that is applicable on the date" the application for garnishment is filed. The Court agrees with the government that the express language of § 3014(a) requires the debtor to elect between the "paragraph 1" and the "paragraph 2" exemptions; the debtor may not elect both.

■ The Bankruptcy Code exemptions listed in § 522(d) do not expressly mention wages. Under the federal Consumer Credit Protection Act, however, an individual may shield from garnishment in any work week seventy-five percent of his disposable earnings or "the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage[,]" whichever is less. 15 U.S.C. § 1673(a). The government correctly argues that the exemption for wages under the Consumer Credit Protection Act is a "paragraph 2 exemption" for purposes of applying § 3014(a) because the wage exemption is permitted under federal law and is not included in the "paragraph 1 exemptions" of § 3014(a). Therefore, defendant Christensen may not claim both the Bankruptcy Code exemptions specified in

§ 522(d) and weekly net disposable wages that may be exempted under federal law.

The Court finds that defendant Christensen clearly intended to claim Bankruptcy Code exemptions in his original and in his amended claims of exemption. In the original claim, he checked line 8 for "Bankruptcy Code" and thereafter checked lines 8a. through 8e., which set out the specific Bankruptcy Code exemptions. Defendant Christensen is entitled to claim $15,000 for a residence; he claims $1,000 equity in a mobile home at Wakonda. *See* 11 U.S.C. § 522(d)(1). He may claim $2,400 in equity in a motor vehicle; he claims $350 in equity in a 1969 Ford pickup. *See* § 522(d)(2). While he claimed in his original petition $5,420 in equity in a growing crop and $52.31 for "wages not covered by Federal wage exemption statute" pursuant to § 522(d)(3), he now deletes the reference to these exemptions in his amended petition. The Court accepts this proposed amendment only as to deletion of the claim for wages; under § 522(d)(3), defendant Christensen is entitled to a $400 exemption for his growing crop. The remaining equity in the crop will be discussed below. Defendant Christensen may claim $1,000 in jewelry; he claims exemption for a ring and bracelet valued at $25.00. *See* § 522(d)(4). Defendant Christensen checked as well the line permitting him a $1,500 exemption for equity in implements, professional books, or tools used in his trade. The government does not dispute, and the Court finds, that defendant Christensen is entitled to each of these claimed Bankruptcy Code exemptions.

■ At issue is defendant's proposed use of the personal property or "wild card" exemption permitted in § 522(d)(5), which provides for:

> The debtor's aggregate interest in any property, not to exceed in value $800 plus up to $7,500 of any unused amount of the exemption provided under paragraph (1) of this subsection [the $15,000 homestead exemption].

In other words, a debtor like defendant Christensen, who has claimed only a small portion of his $15,000 homestead exemption, may claim an additional exemption of up to $8,300 for an aggregate interest in "any property." In his original claim at line 8e., defendant Christensen sought exemption for $7,500 in "Excess Equity in growing crop, if any." His amended claim of exemptions now reads:

> a. All wages held by employer and due Defendant from date of garnishment to date of hearing on claim of exemption in the amount of approximately $209.25 (sic), net per week, or in the alternative, the excess wages not covered by item 9 of the Exemption form claimed exempt under the Consumer Credit Protection Act.

> b. Equity in growing crop in an amount equal to $7500.00 less wages claimed exempt under item 8e. pursuant to subparagraph 3.(a) hereof.

The Court has held that defendant Christensen may not claim the Bankruptcy Code exemptions ("paragraph 1 exemptions") as well as the wage exemption under federal law and any state exemptions ("paragraph 2 exemptions"). He has clearly elected the Bankruptcy Code exemptions, most likely because they are more favorable to him than state law exemptions. Consequently, defendant Christensen's checkmark next to line 9 of his original exemption claim form, seeking exemption for seventy-five percent of his weekly wages under federal law is without any effect. Furthermore, for the same reason, the Court rejects defendant Christensen's alternative proposal in paragraph "a." of his amended claim, quoted in the preceding paragraph, that he should be permitted to claim "the excess wages not covered by item 9 of the Exemption form claimed exempt under the Consumer Credit Protection Act."

The question becomes whether defendant Christensen may claim under the "wild card" exemption of § 522(d)(5), the wages held by his employer from the date of garnishment to the date of the September 16 hearing, as well as equity in his growing crop over and above the $400 exemption permitted under § 522(d)(3), as he requests in his amended claim. To answer this question, the Court looks to bankruptcy law and other courts' interpretation of § 522(d)(5). The Court is

aware that South Dakota is an "opt out" state for purposes of bankruptcy proceedings, *see* § 522(b)(1); that is, debtors in this state who file bankruptcy petitions may not claim the federal bankruptcy exemptions in § 522(d), but are limited to state exemptions. This fact is of no consequence in the present analysis, however, because the Court must determine in this garnishment proceeding the scope of Bankruptcy Code exemptions claimed pursuant to § 3014(a)(1) of the Federal Debt Collection Procedures Act. It is therefore appropriate for the Court to consider statutes and cases which would apply if these Bankruptcy Code exemptions were claimed in the context of a Chapter 13 "wage earner" bankruptcy proceeding in a non-"opt out" state. The burden is on defendant Christensen to persuade the Court that he is entitled to the "wild card" exemption. 28 U.S.C. § 3014(b)(2); *United States v. Sawaf*, 74 F.3d 119, 122 (6th Cir.1996).

A Chapter 13 bankruptcy estate includes "earnings from services performed by the debtor after the commencement of the case but before the case is closed[.]" 11 U.S.C. §§ 541(a)(6), 1306(a)(2); *In re Pidgeon*, 155 B.R. 24, 26 (Bankr.N.H.1993); *In re Walter*, 153 B.R. 38, 39 (Bankr.N.D.Ohio 1993); *In re Farmer*, 150 B.R. 68, 69 (Bankr.N.D.Ala. 1991); *In re Suarez*, 149 B.R. 193, 195 (Bankr.N.M.1993). Once wages and other property are swept into the Chapter 13 estate, the debtor may utilize § 522(d) to exempt certain property from the bankruptcy estate. The Seventh Circuit has held that the reference to "any property" in the § 522(d)(5) "wild card exemption" means exactly what it says and that a debtor may apply the exemption to any property that is property of the estate. *In the Matter of Smith*, 640 F.2d 888, 891 (7th Cir.1981). This would include wages that became part of the bankruptcy estate. *See In the Matter of Nichols*, 4 B.R. 711, 718 (Bankr.E.D.Mich. 1980) (holding in Chapter 7 case that wage withholdings fall within "any property" that may be exempted under § 522(d)(5)).

■ Consequently, the Court holds that defendant Christensen may claim under the "wild card" exemption weekly net disposable wages already withheld by his employer pursuant to the garnishment. The phrase "any property," construed broadly by the Seventh Circuit and the bankruptcy courts, also includes equity in a growing crop. The government does not contest defendant Christensen's claim to crop equity under § 522(d)(5). Therefore, the Court holds that defendant Christensen is entitled to claim additional equity in a growing crop under § 522(d)(5). The Court observes that the "wild card" exemption is a one-time benefit conferred upon defendant Christensen by statute and, once used to the full amount permissible, is of no further benefit to him. *See In the Matter of Baugh*, 15 B.R. 435 (Bankr.W.D.Mo.1981) (noting that certain portions of § 522(d)(5) exemption had been "used" and certain portions remained available to debtor). Because the Court grants defendant Christensen his requests in the amended claim as to line "8e.," he will likely use in full the "wild card" exemption.

Defendant Christensen claimed only $1,000 of his $15,000 homestead exemption; thus, he may utilize the full amount of the "wild card" exemption, $8,300.00. According to the Answer of the Garnishee, defendant's net wages were withheld weekly beginning with the pay period starting August 28, 1996, in the amount of $209.26 per week. Two pay periods have passed, resulting in withheld wages in the amount of $418.52. Additionally, three work days passed in the third pay period before this Court held a hearing on Monday, September 16. At the rate of $41.85 in net wages per work day, an additional $125.55 will likely be withheld. The total amount of withheld net wages since the instigation of the garnishment is $544.07. To the extent the total amount of actual withheld wages varies from the Court's calculation, defendant Christensen is entitled to exempt the full amount of wages withheld prior to the hearing on September 16. Subtracting the approximate wage amount, $544.07, from the § 522(d)(5) exemption ceiling of $8,300.00, defendant Christensen is entitled to $7,755.93 in "any property," which will consist of additional equity in his growing crop and additional wages if the equity in the crop is actually less than $7,755.93. Once defendant Christensen exhausts his $8,300 "wild card" exemption, he may not exempt any future

weekly net wages under § 3014(a)(2), as wages will be fully subject to the government's continuing garnishment. Accordingly,

IT IS ORDERED:

(1) that defendant Christensen is entitled to the following Bankruptcy Code exemptions elected under 28 U.S.C. § 3014(a)(1): $1,000 equity in a mobile home; $350 equity in a 1969 Ford pickup; a ring and bracelet valued at $25.00; $400 in a growing crop; $1,500 equity in implements, professional books, or tools used in his trade; approximately $544.07 in net disposable weekly wages withheld by his employer between August 28, 1996, and September 16, 1996, the date of the hearing in this matter; and $7,755.93 additional equity in a growing crop or, if the crop equity is actually less, additional weekly net disposable wages until the § 522(d)(5) "wild card" exemption is exhausted.

(2) that defendant Christensen may not claim as exempt from the government's continuing garnishment any future weekly net wages under 28 U.S.C. § 3014(a)(2) once the "wild card" exemption of § 522(d)(5) is exhausted; after exhaustion of the exemption, defendant Christensen's weekly net wages are fully subject to the government's continuing garnishment.

(3) that the government is entitled to collect a ten percent (10%) surcharge on the debt pursuant to 28 U.S.C. § 3011, as this garnishment proceeding is a post-judgment remedy under Subchapter C of the Federal Debt Collection Procedures Act.