In re Ralph Christopher McCRAY, SSN: 503–70–5947 and Zel Marie McCray, SSN: 524–88–7355, Debtors.

**Gwendolyn McCRAY, Applicant,**

**v.**

**Ralph Christopher McCRAY and Zel Marie McCray, Respondent.**

**Bankruptcy No. 86 B 04269 J.**

United States Bankruptcy Court, D. Colorado.

July 1, 1986.

Gregory Dallas, Denver, Colo., for applicant.

May Boland, Denver, Colo., for debtors/respondents.

## ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court on Gwendolyn McCray's Motion for Relief from Stay, upon which a hearing was held on June 26, 1986. This Court notes jurisdiction pursuant to 28 U.S.C. § 1334(b).

The movant claims that since the debt involved and the garnishment being maintained is for past due child support, the automatic stay provisions of 11 U.S.C. § 362 do not apply because such obligations are exempt from stay under 11 U.S.C. § 362(b)(2). Movant's counsel represented that the arrearages total approximately $7,400.00. He argued Congressional policy seeks to avoid hardships to children, and cited the cases of *In re Garrison,* 5 B.R. 256 (Bankr.E.D.Mich.1980), *In re Bernstein,* 20 B.R. 595 (Bankr.M.D.Fla.1982), and *Caswell v. Lang,* 757 F.2d 608 (4th Cir.1985), to support the proposition that the stay should not apply to the child support debt.

The debtor contends that actions to collect child support are subject to the automatic stay, and are not exempt under 11 U.S.C. § 362(b)(2) if the support is drawn from the property of the estate, which includes debtor's earnings. Debtor's attorney pointed out that the plan, which has not yet been confirmed, provides that the movant shall constitute a separate class of unsecured creditor, with the past due child support to be paid 100% plus 8% interest through the plan, in the amount of $9,093.37.

First, it is clear that the automatic stay applies to the action for past due child support. Since the plan has not yet been confirmed, virtually all of the debtor's property is property of the estate. Judge Mabey noted in *In re Adams*, 12 B.R. 540, 541 (Bankr.Utah 1981), "[e]ven though post-petition wages and other property normally remain in the possession and control of the debtor prior to confirmation under Section 1306(b), that property remains 'property of the estate' under Section 1306(a)." Judge Mabey went on to explain that upon confirmation of the plan, all property "which has not been designated in the plan or order of confirmation as necessary for the execution of the plan revests in the debtor..." *Id.*, at 542. In *Garrison, supra* at 260, the court held that the filing of a petition does not automatically stay alimony or child support enforcement. The court in *Bernstein, supra* at 597 stated that while mere filing does not stay *all* enforcement proceedings, the possession by the estate of virtually all of a debtor's property restricts the sources from which support obligations may be satisfied. Before the confirmation, the property of the debtor belongs to the estate and is subject to the automatic stay. After confirmation only property needed for execution of the plan, that is, the plan payments, remain property of the estate.

However, although the stay applies, this creditor must be granted relief from stay for cause under 11 U.S.C. § 362(d)(1). There is no adequate protection for the creditor, nor can there be, because, under the persuasive reasoning of the cases cited by the creditor's counsel, the debt for past due child support may not be provided for in a Chapter 13 plan.

In *Garrison, supra,* the court stated that marriage and divorce were matters reserved to the states, and that bankruptcy courts were not intended by Congress to become domestic relations courts. Similarly, the Fourth Circuit held "a federal court may not interfere with the remedies provided by a state court in these areas of particular state concern..." *Caswell, supra* at 610. That court went on to find that "[t]o permit child support arrearages to be included in a Chapter 13 plan would invite a federal bankruptcy court to alter or modify a state court decision regarding the payment and discharge of the overdue debt." *Id.* The debtor in *Caswell*, like the debtor in the instant case, sought to create a separate unsecured class for past due child support, which was to be paid 100% through the plan. The circuit court however, affirmed the bankruptcy court's denial of confirmation, and refused to allow the support obligation to be provided for in the plan. *Id.*, at 611.

This Court agrees with the reasoning in *Caswell,* and holds that a debt for past due child support obligations may not be included in a Chapter 13 plan. The movant here will not have to object to confirmation, but will be awarded relief from stay immediately, as the bankruptcy code "may not be used to deprive dependents, even if only temporarily, of the necessities of life." *Caswell, supra* at 610. It is, therefore,

ORDERED that the motion for relief from stay is granted, and the automatic stay is modified to permit movant Gwendolyn McCray to continue collection proceedings on her judgment against the debtor for past due child support. The parties will bear their own fees and costs with respect to this motion.