**In re Phillip Mark RABOIN, Sr., Debtor.**

**Bankruptcy No. 91–40416–13.**

United States Bankruptcy Court, D. Kansas.

April 26, 1991.

David P. Troup, Weary, Davis, Henry, Struebing & Troup, Junction City, Kan., for debtor.

R. Edgar Johnson, Junction City, Kan., for creditor.

William H. Griffin, Chapter 13 Trustee, Topeka, Kan.

## ORDER DETERMINING AUTOMATIC STAY APPLIES

JAMES A. PUSATERI, Bankruptcy Judge.

This matter is before the court on the debtor's motion to determine the applicability of the automatic stay to efforts to collect past-due child support obligations and the child support creditor's response. The debtor appears by counsel David P. Troup of Weary, Davis, Henry, Struebing & Troup. The creditor appears by counsel R. Edgar Johnson. The court has reviewed the relevant pleadings and is now ready to rule.

### FACTS

The debtor is obligated to pay his ex-wife, Amy Raboin, $250 per month in child support. He owed about $6,000 in past-due support by February of 1991. In that month, Ms. Raboin obtained a continuing garnishment order in state court pursuant to K.S.A. 60–721(b) which would withhold 55% of the debtor's net disposable earnings to pay his current obligation and contribute to a reduction of the arrearage. The debtor thereafter filed for bankruptcy and proposed a chapter 13 plan providing for the payment of his current obligation outside the plan as a normal living expense and for the payment of the arrearage through the plan. He intends to pay $200 per month

into his plan for at least 36 months, and for as long after that as necessary to pay in full his secured creditors, the child support arrearage, and his attorney's fee.

After commencing his bankruptcy case, the debtor filed a motion with the state court seeking to have the continuing garnishment order modified to collect only his current support obligation so that he might pay the balance of his disposable income into his chapter 13 plan, and contending that the garnishment violated the automatic stay. The state court declined to modify the garnishment order, declaring, among other things:

"1. The United States Bankruptcy Court is a court of limited jurisdiction and has no jurisdiction concerning domestic relations cases.

"2. The Geary County District Court is a court having jurisdiction over domestic relations cases and its orders are not subject to modification by the bankruptcy court, the bankruptcy court having no jurisdiction over child support matters."

The debtor then filed the instant motion with this court. In their pleadings, the parties have raised the questions whether the automatic stay applies to enjoin attempts to collect past-due child support obligations and whether a debtor may provide for the payment of those arrearages in a chapter 13 plan.

## CONCLUSIONS

■ As a preliminary matter, the court is faced with the question whether the state court's ruling, apparently not appealed, should bar the debtor from making what may be a collateral attack on that order. However, 28 U.S.C. § 1334(a) provides that federal district courts, and through reference under 28 U.S.C. § 157(a), bankruptcy courts, have exclusive jurisdiction of all cases under title 11, the Bankruptcy Code. In the District of Kansas, such cases have been referred to the bankruptcy courts. See Order mentioned and clarified in D.Kan.Rule 705. The automatic stay is created by 11 U.S.C. § 362, a part of that title. The filing of a bankruptcy petition commences a case under the Code and invokes the automatic stay established by § 362. Consequently, this court has exclusive jurisdiction to determine the extent and effect of the stay, and the state court's ruling to the contrary does not bar the debtor's present motion.

■ The next question, then, is whether the automatic stay applies to the state court's garnishment order. Section 362(a) stays, "(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title." The state court's garnishment order is one to enforce its judgment concerning child support, so it would appear to be stayed under this provision. Section 362(b) does except from the stay, "(2) ... the collection of alimony, maintenance, or support *from property that is not property of the estate*, (emphasis added)," and while section 541(a) defines "property of the estate" to include nearly all interests in property a debtor might have, subsection (6) excludes "earnings from services performed by an individual debtor after the commencement of the case." However, for chapter 13 cases, like this one, section 1306(a)(2) makes earnings from services performed during the pendency of the chapter 13 case property of the estate despite section 541(a)(6). Therefore, the debtor's earnings are property of the estate in this case, and the exception of section 362(b)(2) would not except the garnishment order from the stay. In addition, under 28 U.S.C. § 1334(d) (and the roundabout reference from the district court described above), this court also has exclusive jurisdiction of all property of the estate. As a result, this court has exclusive jurisdiction of the debtor's postpetition earnings because they are property of the estate, so the garnishment order could not be effective postpetition without some order from this court allowing the debtor's earnings to be subject to it.

■ Nevertheless, Ms. Raboin argues that a chapter 13 plan may not provide for past-due child support debts, citing *Caswell v. Lang*, 757 F.2d 608 (4th Cir.1985). The *Caswell* decision affirmed the bankruptcy and district courts' rulings to that effect.

The opinion is rather remarkable because it does not cite or discuss a single provision of the Bankruptcy Code in reaching this conclusion, and cited only non-bankruptcy Supreme Court decisions expressing the general rule that domestic relations matters are left to the jurisdiction of state courts, several state court decisions about the importance of enforcing family support obligations, and one bankruptcy court decision in support of its holding that child support arrearages may not be provided for in chapter 13 plans. 757 F.2d at 610. The ruling must be wrong to the extent Congress clearly considered and provided that support obligations could be dealt with in bankruptcy cases. Child support obligations have always been nondischargeable under the Code, as provided by 11 U.S.C. §§ 523(a)(5) and 1328(a)(2), indicating Congress chose this method to protect such creditors rather than to exclude them totally from bankruptcy proceedings. As concluded above, the automatic stay of section 362 clearly applies to attempts to collect child support from property of the estate. In one of the cases cited by Ms. Raboin, the court recognized this fact, although it then granted stay relief because it believed support arrearages could not be provided for in a chapter 13 plan. *In re McCray*, 62 B.R. 11 (Bankr.D.Colo.1986). In addition, section 502(b)(5) provides that support debts not due as of the filing date are not allowable claims, indicating that support debts are allowable claims if they were already due prepetition. A leading commentator suggests that Congress intended for chapter 13 debtors to pay their postpetition support obligations on a current basis out of their postpetition earnings but to allow them to provide for the payment through their plan of any prepetition arrearages. 5 *Collier on Bankruptcy* ¶ 1322.14[1] (15th ed. 1990). Section 1325(b) also suggests this is true because when a creditor objects to a chapter 13 plan, the plan may not be confirmed unless the plan will pay that creditor in full or the debtor is paying into the plan all income not reasonably necessary to support himself or any dependents and to run any business he may be operating. Thus, the court believes a chapter 13 plan may provide for the payment of a child support arrearage through the plan and for the payment of current support outside the plan. The parties should recognize that the question whether this particular plan is confirmable is not presently before the court. The court is simply ruling that the stay applies and stay relief for the collection of the support arrearage will not be granted at this time.

On the other hand, given the debtor's deplorable child support payment history, Ms. Raboin and her child should not be required to again rely on the debtor's voluntary payment of his current support obligation. In his motion before the state court, the debtor essentially agreed Ms. Raboin should be granted stay relief to permit the garnishment of his wages to continue to the extent of his current obligation. The court will grant stay relief to allow the state court garnishment order to be enforced to the extent of his current monthly support obligation, now $250 per month, during the pendency of this chapter 13 proceeding. The debtor may, however, attempt to obtain confirmation of his plan, including the payment of the support arrearage through the plan.

For these reasons, the state court garnishment order shall be effective to obtain $250 per month, or any properly amended current support obligation, for Ms. Raboin during the pendency of this chapter 13 proceeding.

IT IS SO ORDERED.