In re William E. HEFLIN and Brenda J. Heflin, Debtors.

William E. HEFLIN and Brenda J. Heflin, Plaintiffs,

v.

Phyllis HEFLIN, et al., Defendants.

Bankrtupcy No. 3–90–01567.
Adv. No. 3–92–0011.

United States Bankruptcy Court, S.D. Ohio, W.D.

Sept. 4, 1992.

Lester R. Thompson, Dayton, Ohio, for plaintiffs/debtors.

George W. Ledford, Englewood, Ohio, trustee.

WILLIAM A. CLARK, Bankruptcy Judge.

This matter is before the court for decision following a hearing on the plaintiffs' "Complaint for Declaratory Judgment." The court has jurisdiction by virtue of 28 U.S.C. § 1334 and the standing order of reference in this district. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

### FACTS

On April 4, 1990, the debtors, William and Brenda Heflin, filed a petition in bankruptcy pursuant to chapter 13 of the Bankruptcy Code. Prior to the filing of the petition, William Heflin's son, Vincent, moved to the home of his mother, Phyllis Heflin (a defendant and William Heflin's ex-spouse). Another of Mr. Heflin's sons, Mario, moved to Phyllis Heflin's home in June or July of 1991.

On October 2, 1991, a hearing was held in Trumbull County, Ohio, to rule on Phyllis Heflin's motion for custody and support

of Vincent and Mario. No relief from the automatic stay of § 362 of the Bankruptcy Code had been obtained prior to the state court hearing. At the hearing in Trumbull County, William Heflin showed a copy of his chapter 13 filings to the court referee, but the hearing proceeded.

At the hearing in this court, defendant Phyllis Heflin (who appeared *pro se* here) testified that she knew that William Heflin had filed bankruptcy. She also testified that she did not seek child support so long as only Vincent stayed with her and Mario lived with his father, but that after Mario's arrival she needed support for the children. Phyllis Heflin also stated that she was required to seek a change of custody order for the children so that they could attend school. Finally, Phyllis Heflin testified that she had no knowledge of an automatic stay, and that both the referee in Trumbull County and her attorney at that hearing declared that it did not matter that the debtor had filed bankruptcy.

Subsequently, the referee in Trumbull County issued a report and recommended that Phyllis Heflin be awarded custody of the two children as well as child support in the amount of $500 per month. (Although not introduced into evidence, this court presumes that the referee's report was adopted by the Common Pleas Court.) Beginning on January 15, 1992, $117.69 was deducted each week from the wages of William Heflin pursuant to a child support order.

It also appears from the testimony offered that $2,240 was withheld from Mr. Heflin's 1991 tax refund under the Federal Tax Refund Offset Program.

The plaintiffs/debtors filed the instant adversary proceeding as a "Complaint for Declaratory Judgment" against Phyllis Heflin, J.W. Fodor (her attorney in state court), and the Trumbull County Child Support Bureau. Specifically, the debtors request:

1) An order of this court declaring that the order of the Trumbull County Common Pleas Court is void for failure to obtain prior relief from the automatic stay in this court;

2) An order requiring the Trumbull County Child Support Bureau to render an accounting to the Plaintiffs for all sums which are alleged due to the Bureau;

3) An award of attorneys fees and costs in this matter; and

4) Any and all other relief to which they may appear entitled.

### CONCLUSIONS OF LAW

The automatic stay of § 362(a) of the Bankruptcy Code operates to stay a variety of actions against a debtor, including:

1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

11 U.S.C. § 362(a).

■ Although the automatic stay is a fundamental protection provided to debtors in bankruptcy, and its scope is extremely broad, it does not serve to stay all actions and proceedings involving debtors. *Rett White Motor Sales Co. v. Wells Fargo Bank,* 99 B.R. 12, 14 (N.D.Cal.1989). Section 362(b) of the Bankruptcy Code enumerates specific statutory exceptions to the automatic stay, e.g., criminal proceedings and actions to enforce police powers. In addition, because bankruptcy is primarily concerned with the adjustment of the relationships between a debtor and those creditors existing at the time the petition in bankruptcy is filed, actions concerning a debtor's postpetition conduct and dealings are not generally within the ambit of the automatic stay. Therefore, "[t]he automat-

ic stay does not prohibit the prosecution of an action against a debtor based upon a claim that arose after the filing of the bankruptcy petition." *Acevedo v. Van Dorn Plastic Machinery Co.*, 68 B.R. 495, 498 (Bankr.E.D.N.Y.1986). *See also FAA v. Gull Air, Inc. (In re Gull Air, Inc.)*, 890 F.2d 1255, 1263 (1st Cir.1989); *Holland America Insurance Co. v. Succession of Roy*, 777 F.2d 992, 996 (5th Cir.1985); *Avellino & Bienes v. M. Frenville Co., Inc. (Matter of M. Frenville Co., Inc.)*, 744 F.2d 332, 335 (3rd Cir.1984).

■ In the instant case, Phyllis Heflin testified that she did not require support for her children until the summer of 1991, more than a year after William Heflin filed his chapter 13 petition. The court finds that the claim against William Heflin did not arise until after his bankruptcy petition was filed, and therefore the stay was not applicable to the hearing to set the amount of current child support owed by William Heflin.

■ The subsequent deductions from William Heflin's wages to satisfy the support order present a different problem. So long as a chapter 13 case is pending, the automatic stay of § 362(a) restrains *all entities* from taking "any act to obtain possession of property of the estate." 11 U.S.C. § 362(a)(3). Although § 362(b) excepts the collection of support from the provisions of the automatic stay, it only permits collection "from property that is not property of the estate." Section 1306 of the Bankruptcy Code defines property of the estate in a chapter 13 case to include property acquired postpetition and personal service earnings of the debtor acquired postpetition. Therefore, the collection of support from the wages of William Heflin constituted a violation of the provisions of the automatic stay. The difficult question before the court is what the court should do at this juncture.

■ In the instant case, disposition of the case may be made on the basis of the specific relief requested. The debtors have only requested that the order *fixing* support be declared void. The complaint does not refer to the subsequent wage deductions nor request them to be declared void. The complaint does not seek damages under § 362(h) for violation of the automatic stay and no contempt citation has been sought. As a result, this court has not been requested to set aside the wage deductions and will not do so. (As previously discussed, the order setting the amount of child support will not be voided because such order did not violate the automatic stay.)

■ A few additional comments by way of *dicta* are in order. Had this court been requested to void the wage deductions, it would have refused. The court's decision would have been based on pragmatic considerations as well as its understanding of the basic nature of chapter 13 in the Bankruptcy Code. Chapter 13 offers debtors an opportunity to adjust financial relationships with their creditors by way of composition, extension, or both. The primary incentive to chapter 13 debtors is that they are able to retain most of their assets while satisfying at least a portion of their creditors' claims. However, chapter 13 does not relieve chapter 13 debtors of their legal and moral obligations to provide current support to their children. In the event that a debtor is unable to provide current support to his or her children *and* fund a chapter 13 plan at the same time, the debtor must simply forego the opportunity to retain assets by participation in a chapter 13. The debtor has an alternative for financial relief under chapter 7 of the Bankruptcy Code. In no event, will this court countenance the funding of a chapter 13 plan at the expense of a debtor's children.

■ In the instant case, had relief from stay been requested by Phyllis Heflin, the court most assuredly would have granted relief to her to obtain a support order and an order for wage deductions.[1] Noth-

---

**1.** "[I]t would result in great injustice to require children to await a bankruptcy court's confirmation of a debtor's chapter 13 plan before permitting them to enforce their state court-determined right to collect past due support payments. The Bankruptcy Code may not be

ing grants claims of chapter 13 prepetition creditors a priority over a debtor's current living expenses and providing child support,[2] although, as mentioned, a chapter 13 plan may not be feasible when child support is taken into consideration. Therefore, because this court would have granted relief from stay to Phyllis Heflin to enforce the support order, had the debtors' complaint requested the court to declare the wage deductions void, it is certain—under the narrow circumstances of this case—that the court would have annulled the stay as of the date of the filing of the petition as to Phyllis Heflin's order for current support.[3]

▮ Mr. Heflin testified that $2,240 was deducted from his 1991 federal income tax return. However, the evidence introduced at the hearing is not sufficient to enable this court to reach a final conclusion with respect to violation of the automatic stay. Phyllis Heflin stated that she did not receive any of this deduction. It does appear *prima facie* that the Trumbull County Child Support Bureau has violated the automatic stay by attaching assets of Mr. Heflin's bankruptcy estate on account of a prepetition claim. In order to clarify the factual record, and in accordance with the plaintiffs' request for relief, the court will order the Trumbull County Child Support Bureau to render a full accounting of all sums that were due from Mr. Heflin, as well as all amounts received. After the accounting has been made, the court will schedule a continued hearing in this matter. The plaintiffs or the Trumbull County Child Support Bureau are encouraged to file supplemental pleadings 10 days prior to that hearing.

On the basis of the foregoing, it is ORDERED that judgment is granted in favor of defendants Phyllis Heflin and J.W. Fodor. It is further ORDERED that the Trumbull County Child Support Bureau render to William Heflin, within 30 days of the date of this order, an accounting of all amounts due the bureau by Mr. Heflin and the amounts received by the bureau on behalf of Mr. Heflin. It is also ORDERED that the proceedings against the Trumbull County Child Support Bureau are continued until further notice by this court.

used to deprive dependents, even if only temporarily, of the necessities of life. *Caswell v. Lang,* 757 F.2d 608, 610 (4th Cir.1985). Although the Fourth Circuit was concerned with support arrearages, the court's reasoning is also applicable and even more compelling in the case of current support.

2. The Bankruptcy Code recognizes that the income available to satisfy the claims of creditors in a chapter 13 does not include amounts required for support. Under § 1325(b)(1)(B) a debtor may be required to commit all of his "disposable income" to a plan, but "disposable income" does not include income that is reasonably necessary for the "maintenance or support of the debtor or a dependent of the debtor." 11 U.S.C. § 1325(b)(2)(A).

3. Although actions taken in violation of the automatic stay *generally* are void, *Smith v. First America Bank (In re Smith),* 876 F.2d 524, 526 (6th Cir.1989), "§ 362(d) permits bankruptcy courts, in appropriately *limited* circumstances, to grant retroactive relief from the automatic stay." *In re Albany Partners, Ltd.,* 749 F.2d 670, 675 (11th Cir.1984).