**In re Tommy WALTER and Diane Marie Walter, Debtors.**

**Bankruptcy No. 92–41728.**

United States Bankruptcy Court,
N.D. Ohio.

Feb. 5, 1993.

Bruce R. Epstein, Youngstown, OH, for debtors.

Michael A. Gallo, Youngstown, OH, Chapter 13 Trustee.

Louis E. Katz, Youngstown, OH, for movant.

## MEMORANDUM OPINION

WILLIAM T. BODOH, Bankruptcy Judge.

This cause is before the Court on the December 23, 1992 Motion for Relief from the Automatic Stay filed by the Mahoning County Child Support Enforcement Agency ("Movant"). Debtors' response was filed January 12, 1993. A hearing on the motion was held January 20, 1993 at which counsel for Debtors and the Chapter 13 Trustee appeared.

Debtors' Chapter 13 plan calls for payments of Four Hundred Twenty–Eight Dollars ($428.00) per month over 60 months to the Chapter 13 Trustee. The plan provides that a pre-petition child support arrearage of Four Thousand Four Hundred Fifty–Three Dollars ($4,453.00) will be paid through the plan at one hundred cents on the dollar. Debtors maintain that there is also a current post-petition support obligation that is being fully met by a payroll deduction. The plan provides that all other unsecured creditors will be paid at one hundred percent (100%) as well.

Movant's motion is cryptic at best. At the outset, the motion states that "[p]ursuant to 11 U.S.C. 362(d), The Mahoning County Child Support Enforcement Agency moves this Court for relief from the automatic stay." Movant then cites *Caswell v. Lang*, 757 F.2d 608 (4th Cir.1985) and *In re Pacana*, 125 B.R. 19 (BAP 9th Cir.1991) for the proposition that "by clear Congressional mandate, ... efforts to collect and enforce child support obligations are outside the scope of the automatic stay in particular and the Bankruptcy Code in general."

Because Movant makes no explicit request for any specific relief, it is unclear whether Movant is concerned about the collection of pre-petition or post-petition amounts. Each of those scenarios is therefore addressed separately below, though given the facts of this case the result is the same under each.

It is noted that all forms of child support obligations to be considered in this case appear to be nondischargeable pursuant to 11 U.S.C. § 523(a)(5). Debtors must meet all current post-petition obligations as they become due. Debtor's uncontroverted statement regarding his payroll deduction satisfies that issue. Movant does not allege that there is any post-petition arrearage which would justify relief from the stay provisions of 11 U.S.C. § 362, or require modification of Debtors' plan of reorganization.

Given the nature of the cases cited in the motion for relief from stay, however, it is likely that Movant seeks to lift the automatic stay to pursue immediate payment of the Four Thousand Four Hundred Fifty–Three Dollar ($4,453.00) pre-petition arrearage amount. In *Caswell*, the Fourth Circuit, referring to domestic relations matters, stated that "a federal court may not interfere with the remedies provided by a state court in these areas of particular state concern." *Caswell*, 757 F.2d at 610. The *Caswell* court concluded that "[p]ast due child support obligations may not be included in a chapter 13 plan under the Bankruptcy Code." *Id.*, at 611. The *Pacana* court, while acknowledging that *Caswell* may too narrowly construe the powers of the bankruptcy court regarding child support, nevertheless followed the *Caswell* approach in finding the 11 U.S.C. § 362 stay inapplicable to the enforcement of child support obligations. *Pacana*, 125 B.R. at 22–23.

The *Caswell* line of cases has been almost universally criticized by other courts considering these issues. *See, e.g., Gaertner v. Choske (In re Henry)*, 143 B.R. 811 (Bankr.W.D.Pa.1992); *In re Santa Maria*, 128 B.R. 32 (Bankr.N.D.N.Y.1991); *In re Raboin*, 135 B.R. 682 (Bankr.D.Kan.1991); 5 LAWRENCE P. KING, et al., COLLIER ON BANKRUPTCY ¶ 1322.14(1) (15th ed. 1992). This Court finds instructive the Supreme Court's view in *Ankenbrandt v. Richards* that "the domestic relations exception [to federal courts' jurisdiction] encompasses only cases involving the *issuance* of a divorce, alimony, or child custody decree...." 504 U.S. ——, ——, 112 S.Ct.

2206, 2215, 119 L.Ed.2d 468, 483 (1992). (emphasis added). The Court added that, absent any pending or unresolved state proceedings, abstention by the District Court and Court of Appeals was clearly erroneous. *Id.,* 504 U.S. at ——, ——, 112 S.Ct. at 2215–17, at 119 L.Ed.2d 483–84. By virtue of 28 U.S.C. § 157(a) and 28 U.S.C. § 1334, this Court has jurisdiction to hear litigation surrounding claims made in this Chapter 13 case.

 Because child support obligations are typically nondischargeable, in instances where a reorganization plan calls for less than full payment of arrearages, relief from stay may well be in order to allow the payee or appropriate governmental agency to pursue only those amounts not provided for in the plan. However, absent a showing that the current needs of the payee are unmet, a plan providing for a one hundred percent (100%) payment of arrearages over the life of a Chapter 13 case is acceptable. This Court declines to follow *Pacana* to the extent that it imposes a per se prohibition against such plans. Relief from stay to collect the pre-petition arrearage of Debtors outside the plan is denied.

 Movant's Memorandum of Law cites 11 U.S.C. § 362(b)(2) as support for the contention that the automatic stay does not apply to these Debtors' situation and by implication, that relief from the stay need not be sought prior to attempting collection. Section 362(b)(2) states that the filing of a petition does not stay "collection of alimony, maintenance, or support from property *that is not property of the estate.*" (emphasis added). 11 U.S.C. § 541 specifies that a debtor's estate includes all property and interest owned by a debtor at the time the petition is filed. These Debtors have sought protection under Chapter 13 of Title 11, and are therefore also subject to the provisions of 11 U.S.C. § 1306. Section 1306 provides that all income earned during the course of a Chapter 13 case is also property of the bankruptcy estate. It does not appear that there is any non-estate property to which § 362(b)(2) would apply in the present case. *See, Gaertner,* at 813–14; *Heflin v. Heflin (In re*

*Heflin*), 145 B.R. 560, 563 (Bankr.S.D.Ohio 1992). One court has also questioned whether or not support arrearages, as opposed to currently due payments, fit the § 362(b)(2) exception. *Gaertner,* at 813. It is unnecessary, however, to make such an analysis for purposes of deciding this motion. The § 362 stay is found to apply to these circumstances.

Whether the Movant's request for relief is taken as a motion to collect pre-petition or post-petition child support payments, the motion is overruled.

An appropriate order will enter.