In re Brian E. SCHIELD, Debtor.

Amy L. Goldman, Chapter
7 Trustee, Plaintiff,

v.

United States of America; The Internal
Revenue Service, Defendants.

Bankruptcy No. SV98–22257–KL.
Adversary No. SV98–01898–KL.

United States Bankruptcy Court,
C.D. California.

Aug. 13, 1999.

Peter A. Davidson, Los Angeles, CA, for the Chapter 7 Trustee, Amy Goldman.

Richard Stack, United States Attorney's Office—Tax Division, Los Angeles, CA, for the Internal Revenue Service.

Henry Glowa, Los Angeles, CA, for debtor.

MEMORANDUM AND ORDER ON TRUSTEE'S MOTION FOR SUMMARY JUDGMENT AND IRS' MOTION FOR DETERMINATION THAT TAX OVERPAYMENT IS NOT PROPERTY OF THE ESTATE, OR ALTERNATIVELY, FOR RELIEF FROM STAY TO EFFECT AND APPROVE SETOFF

KATHLEEN T. LAX, Bankruptcy Judge.

*Introduction and Procedural Background*

Amy L. Goldman, Chapter 7 Trustee in the above-captioned case ("Trustee"), commenced an adversary proceeding against the Internal Revenue Service seeking to recover the value of a tax overpayment that has been retained by the IRS. The complaint stated two causes of action: one under 11 U.S.C. § 549 for recovery of an unauthorized post-petition transfer of property of the estate and one under 11 U.S.C. § 547/548 for avoidance of preferential/fraudulent transfer. The trustee filed a motion for summary judgment on the cause of action under Section 549. The IRS responded to the motion for summary judgment and, in addition, filed a motion seeking a "determination that [the] tax overpayment is not property of the estate, or alternatively, relief from stay to effect and approve setoff of tax overpayment for 1997 against debtor's pre-petition income tax liability for 1995."

The matters were consolidated for hearing. The Trustee stated that the cause of action under Section 547/548 is being abandoned. Therefore, these matters will be dispositive of the case in this court.

*Facts*

The relevant underlying facts are not complicated and they are not in dispute. Debtor Brian Schield ("Debtor") commenced this bankruptcy case on September 3, 1998. Prior to the filing of the petition, the Debtor entered into an Offer In Compromise agreement ("OIC") with the IRS with regard to unpaid tax liabilities for certain years, including 1995. The IRS consented to the OIC eight days prior to the filing of this bankruptcy case. Certain monies were paid pursuant to the OIC. The OIC provided, among other things, that the IRS could keep any overpayments due to the debtor for tax periods extending through the tax year of the OIC and that the debtor could not designate the application of any such overpayment to any estimated tax liability for the following year.

After the commencement of the bankruptcy case, the Debtor filed a tax return for 1997 which showed an overpayment of $58,686. Notwithstanding the OIC, the Debtor also designated this overpayment to be applied to his 1998 estimated tax. Neither the filing of the tax return nor the

designation was authorized by the Trustee. The IRS applied the overpayment to 1995 tax liability. At the time of the application, the IRS had not sought or obtained relief from stay to make any application of the overpayment.

### The Trustee's Argument

The Trustee's argument for relief pursuant to Section 549 is as follows: The right to receive the overpayment became property of the bankruptcy estate on the date of the commencement of the case. The Debtor's post-petition designation of the overpayment was an irrevocable act, the legal consequence of which was to transfer the right to receive the overpayment out of the estate. The Trustee argues that it is irrelevant to the analysis under Section 549 whether the IRS honored the designation and applied the overpayment to the Debtor's 1998 estimated taxes or, as it did, applied the overpayment to a prior tax liability. Either way, the right to the overpayment had been removed from the estate by the post-petition designation.

The Trustee further asserts that the IRS is not entitled to setoff the overpayment against pre-petition tax liabilities for the following reasons:

(1) the "mutuality" requirement for setoff is not met because the claim against the estate is for pre-petition tax liabilities and the claim of the Trustee is for recovery of a post-petition transfer of the right to receive the overpayment; therefore, one claim arises pre-petition and the other arises post-petition. In addition, the claim arising under Section 549 is a statutory remedy exercisable only by the Trustee while the IRS claim is against the Debtor, not the Trustee.

(2) the IRS has waived any rights to setoff by its failure to plead setoff as an affirmative defense in the adversary proceeding; and

(3) the post-petition application of the overpayment to the 1995 tax liability was an action in violation of the automatic stay which disqualifies the IRS for the permissive, discretionary remedy of setoff.

Based on the foregoing, the Trustee seeks recovery of the value of the right transferred, i.e., $58,686.00.

### The IRS's Argument

The IRS argues that the overpayment is not property of the bankruptcy estate because the Debtor gave up the right to receive the overpayment in the OIC, prior to the filing of the bankruptcy case. Therefore, because the Trustee cannot assert any interest in the overpayment, the setoff of the overpayment against the Debtor's pre-petition tax liability is not subject to challenge by the Trustee or subject to the automatic stay. Alternatively, if the overpayment is property of the estate, the IRS argues that setoff should be approved because:

(1) the right to setoff is appropriately asserted by means of a motion for relief from stay and need not be contained in the answer to the complaint;

(2) in any event, the answer to the complaint and the IRS's discovery responses adequately apprised the Trustee of the government's assertion of a right to setoff;

(3) no prejudice has resulted from any purported delay in asserting setoff;

(4) any violation of the automatic stay was inadvertent, not willful, and caused no harm to the estate;

(5) setoff is authorized by the 26 U.S.C. § 6402(a) and Treas.Reg. § 301.6402–3(a)(6)(*l*) as well as 11 U.S.C. § 553; and

(6) the Trustee has not asserted a valid claim for a post-petition transfer that would defeat the mutuality of the pre-petition tax claim with the pre-petition overpayment.

### Findings and Conclusions

1. The OIC did not effect an assignment to the IRS of the Debtor's interest in the overpayment. At best, the OIC allowed the IRS to hold the funds under certain conditions and the Debtor promised to send back refunds received under

**4**

certain conditions. The Debtor did not relinquish his interest in the overpayment pursuant to the OIC. The Debtor's interest in the overpayment became property of the estate on the commencement of the bankruptcy case. *In re Chateaugay Corp.,* 94 F.3d 772, 780–81 (2nd Cir.1996); *In re Feiler,* 230 B.R. 164 (9th BAP 1999); *In re Ferns,* 232 B.R. 453, 455 (Bankr.Ariz. 1999); *In re Canon,* 130 B.R. 748 (Bankr. N.D.Tex.1991).

■ 2. Because the Debtor had rights in the overpayment that became property of the bankruptcy estate on commencement of the case, those rights were protected by the automatic stay of 11 U.S.C. § 362. The IRS's post-petition setoff of the overpayment against a pre-petition debt violated the automatic stay.

■ 3. Actions taken in violation of the automatic stay are void. *In re Schwartz,* 954 F.2d 569 (9th Cir.1992).

■ 4. A request for relief from stay is an appropriate procedural vehicle for raising a right to setoff under Section 553.

■ 5. The IRS did not waive its right to setoff by failure to specifically plead "setoff" in the answer to the complaint. Assertion of a right to setoff was implicit in the stated defenses which asserted a right to keep and apply the overpayment to outstanding debt. Subsequent discovery specifically asserted rights under Section 553. In addition, if the Trustee was in doubt about whether setoff was an issue prior to the discovery responses, no prejudice has resulted to the Trustee. *Ledo Financial Corp. v. Summers,* 122 F.3d 825, 827 (9th Cir.1997).

■ 6. Subject to some qualifications, 11 U.S.C. § 553 preserves rights of setoff in bankruptcy. Setoff of tax overpayments against tax liabilities is authorized by 26

U.S.C. § 6402(a) and Treas.Reg. § 301.6402–3(a)(6)(*l* ).

7. The specific challenge to qualification raised by the Trustee in these proceedings is to the mutuality of the debt to the IRS with the claim of the Trustee.

■ 8. The post-petition designation by the Debtor to apply the overpayment to the succeeding year's tax liabilities was ineffective to transfer any rights out of the estate. At the time of the attempted designation, the Debtor's rights in the overpayment belonged to the bankruptcy estate, not to the Debtor. The designation was a nullity, having no legal consequence that could bind the bankruptcy estate. Furthermore, the IRS did not acquire the right, if any, to setoff the overpayment against pre-petition taxes as a result of the designation. The IRS relies on the statutory setoff rights contained in 26 U.S.C. § 6402(a) and related regulations. Nothing was transferred by the designation. Therefore, there is nothing to avoid and recover by the Trustee under Sections 549 and 550.

9. No post-petition transfer was effected by the unauthorized attempt by the Debtor to designate the disposition of the overpayment.[1] Therefore, the mutuality of the pre-petition tax liability with the pre-petition overpayment, if any, has not been disturbed by the designation.

10. The Trustee pleadings clearly stated that she sought to recover the value of the property transferred by the designation, not turnover of the overpayment itself. Therefore, it does not appear that the Trustee has been harmed by the failure of the IRS to obtain relief from stay to effect setoff of the overpayment against pre-petition tax debt. The dispositive legal questions raised in this case are the same

---

**1.** The facts of this case are unlike those in *In re Feiler,* 230 B.R. 164 (9th Cir. BAP 1999). In *Feiler,* the debtors' election of certain tax treatment of an NOL was made *prior* to the filing of the bankruptcy case. That election resulted in a substantive difference in the rights which came into the bankruptcy estate. That difference in rights was found to constitute a fraudulent transfer of the NOL carryback which could be recovered under the bankruptcy trustee's avoidance powers under 11 U.S.C. § 548.

whether the overpayment is held in a suspense account by the IRS or applied to a particular tax debt.

11. While this court is disturbed by and cannot condone aggressive and willful violations of the automatic stay, it is not clear that the setoff in this case was anything more than an inadvertent violation, subject to reversal. The IRS has belatedly sought relief from stay and approval of its actions. The court further sees no purpose in requiring the IRS to reverse the setoff because the original act of setoff is void, only to apply setoff again after the effective date of an order granting relief from stay.

12. Based on the foregoing, the Trustee's motion for summary judgment should be denied and the motion for relief from stay should be granted, modifying the stay to allow the setoff which took place on October 8, 1998. The IRS is directed to file orders in conformance with this memorandum within 15 days of the entry hereof.