Defendant-appellant Steve Anthony McLeod appeals from the judgment of the trial court granting Debra McLeod's complaint for divorce.
Appellant has assigned the following errors for review:
 I. THE TRIAL COURT ERRED IN FAILING TO INDEPENDENTLY ANALYZE THE MAGISTRATE'S DECISION IN ACCORDANCE WITH CIVIL RULE 53(D)(4).
 II. THE TRIAL COURT ERRED IN PROCEEDING WITH THIS CASE WHEN THE COURT SPECIFICALLY FOUND THAT THE PARTIES INVOLVED WERE IN THE MIDST OF CHAPTER 13 BANKRUPTCY, AND THERE HAD BEEN NO RELIEF GRANTED FROM THE AUTOMATIC STAY PROVISION PURSUANT TO 11 U.S.C. § 362.
 III. THE TRIAL COURT ERRED IN NOT VALUING THE ASSETS IN ORDER TO PROVIDE FOR AN EQUITABLE DIVISION OF THE PROPERTY.
The second assignment of error has merit. The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.
 I.
On November 12, 1983, appellant and Debra McLeod married in South Carolina. Three children were born as issue of the marriage. The family eventually relocated to Cleveland. On May 19, 1998, Debra McLeod filed for divorce from appellant, asking for spousal support, custody of the three minor children, and a division of property. Appellant counterclaimed for divorce, requesting either to be named the permanent residential parent or for shared parenting, for spousal and child support, and for an equitable property division.
The matter came before a magistrate for hearing on April 8, 1999. Appellant did not attend the hearing or communicate with the court about any reason for his failure to appear. Debra McLeod was present and testified. According to the magistrate's decision, Debra McLeod presented documents which included an order reflecting the amount she paid to the Bankruptcy Court. Both Debra McLeod and appellant were in Chapter 13 bankruptcy at the time of the divorce. The magistrate found that the McLeods had lived separate and apart for more than one year. Based upon the earnings statement attached to appellant's pretrial statement, the magistrate calculated appellant's salary to be seventy-four thousand nine hundred ninety-two dollars ($74,992.00) annually. The magistrate then added disability income of two thousand ninety-five dollars ($2,095.00) for a total income of seventy-seven thousand eighty-seven dollars ($77,087.00).The magistrate then proceeded to divide the marital property. Spousal support of four hundred dollars ($400.00) a month was awarded to Debra McLeod. The spousal support was to be for a term of five years. A monthly child support order of one thousand one hundred ninety-five dollars and sixty-one cents ($1,195.61) was entered.
On June 24, 1999, appellant filed his objections to the magistrate's decision. In his brief in support, appellant explained his absence by stating he thought the hearing was to be held on the day after the actual hearing date. Appellant disputed the magistrate's finding regarding his salary. Appellant attached a pay-stub indicating his annual salary was sixty-six thousand four hundred forty-two dollars ($66,442.00). Appellant argued that the magistrate mistakenly included reimbursements which were made because of his job transfer and included disability income which actually was used to support his parents. Appellant submitted that the magistrate erred by not valuing marital assets. Appellant stated the magistrate could not divide the marital assets because the automatic stay provision of Chapter 13 bankruptcy deprived the Domestic Relations Court of jurisdiction over the marital property.
On October 25, 1999, the trial court issued its judgment entry. In the entry, the trial court stated it had reviewed the magistrate's decision and appellant's objections. The trial court overruled appellant's objections and adopted the findings of fact and conclusions of law of the magistrate.
 II.
Appellant's second assignment of error will be addressed first as it is dispositive of the appeal. In this assignment of error, appellant contends the trial court lacked jurisdiction to dispose of the parties' marital property because both were in Chapter 13 bankruptcy proceedings at the time of the divorce. The record does not reflect that the bankruptcy court lifted the automatic stay which went into effect at the time the petitions for bankruptcy were filed.
The filing of a bankruptcy petition creates an estate which includes all the debtor's legal and equitable interests in his or her property existing at the commencement of the case. In re Roberge (Bkrtcy.E.D.Va. 1995), 181 B.R. 854. Future income is property which is part of the Chapter 13 estate. The income is not subject to attachment. Gaertner v. Choske (In re Henry) (Bkrtcy.W.D.Pa. 1992), 143 B.R. 811. A federal district court has exclusive jurisdiction over the property of the estate and that of the debtor which precludes its disposition in a state domestic relations court. In the matter of Palmer (Bkrtcy.E.D.N.Y. 1987), 78 B.R. 402. At the moment the bankruptcy petition is filed, a stay is automatically entered which prevents the commencement or continuation, including the issuance or employment of process, of any judicial proceeding against the debtor that could have been commenced against the debtor, including the enforcement of any judgment against the debtor or against property of the estate. Further, the filing of the petition prevents any act to obtain possession of property of the estate or to exercise control over property of the estate and prevents any act to collect or recover a claim against the debtor that arose before the filing of the petition. 11 U.S.C. § 362. The stay does not apply to the collection of spousal support, maintenance, or support from property which is not part of the bankruptcy estate. 11 U.S.C. § 362 (b). Actions taken in violation of the automatic stay are void. In re Schield (Bkrtcy.C.D.Cal. 1999), 242 B.R. 1. In State ex rel. Miley v. Parrott (1996), 77 Ohio St.3d 64, the court noted that the automatic stay which goes into effect upon the filing of a bankruptcy petition does not apply to the dissolution of the marriage, child custody, or the establishment or modification of an order for spousal or child support from property which is not part of the estate. The state court has exclusive jurisdiction to determine the right to and grounds for a divorce as well as custody and visitation issues. In re Hohenberg (Bkrtcy.W.D.Tenn. 1992), 143 B.R. 480. The automatic stay does apply to the equitable distribution of the debtor's interest in the martial assets. However, the issue of dividing the marital property is left to the expertise of the state domestic relations court. In re Bamman (Bkrtcy.W.D.Mo. 1999),239 B.R. 560.
Both appellant and Debra McLeod were debtors in Chapter 13 bankruptcy proceedings when the trial court issued its decree granting the McLeods' divorce. Apparently, the marital property was part of their respective bankruptcy estates. There is no indication in the record that the automatic stay had been lifted by the bankruptcy courts at any time. Therefore, the trial court lacked jurisdiction to adopt the part of the magistrate's decision concerning the award of marital property.
11 U.S.C. § 362 (a)(2) provides that the automatic stay does not apply to the collection of support which is not property of the estate. In a Chapter 13 proceeding, this exception has little application since property of the estate includes the earnings of the debtor acquired after the bankruptcy case is commenced. In re Walter (Bkrtcy.N.D. Ohio 1993),153 B.R. 38. This is true even though the support obligation itself is nondischargeable. 11 U.S.C. § 523(a)(5), 1382(a)(2). The fact that the stay may be lifted does not relieve the creditor spouse from making the request for relief from the stay. Rogers v. Overstreet (In re Rogers) (Bkrtcy.N.D.Ga. 1994), 164 B.R. 382.
The state court cannot enter an order garnishing the wages of a Chapter 13 debtor without violating the automatic stay. This is because garnishment is an act collecting from the property of the bankruptcy estate. In re Suarez (Bkrtcy.D.N.M. 1993), 149 B.R. 193. See also Heflin v. Heflin (Bkrtcy.S.D.Ohio 1992), 145 B.R. 560. Further, state courts cannot modify an automatic stay because bankruptcy matters are to be handled exclusively in a federal forum. Gruntz v. Cty. of Los Angeles (2000), 202 F.3d 1074.
In Mudd v. Jacobson (In re Jacobson) (Bkrtcy.D.Ariz. 1999), 231 B.R. 763, the court noted Congress created a new priority for support and maintenance arrearages. Chapter 13 plans must provide for full payment of support and maintenance obligations. However, the establishment or modification of a support obligation still remains the province of state courts. After the state court establishes the support obligation, Chapter 13 may be used to fully pay that obligation.
The case is remanded to the trial court for a determination of the status of both parties' bankruptcy cases. The parties, if still subject to the jurisdiction of the bankruptcy courts, should consider asking that the automatic stay be lifted to allow for the division of marital property. The bankruptcy court also may lift the stay to permit issuance of a support order or to include the support order in the Chapter 13 payment plan.
Appellant's second assignment of error is well-taken.
 III.
Based upon the resolution of the second assignment of error, appellant's first and third assignments of error are moot.
Judgment reversed and remanded.
The judgment of the trial court is reversed and remanded for further proceedings consistent with this Journal Entry and Opinion.
It is ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, P.J. and TIMOTHY E. McMONAGLE, J. CONCUR IN JUDGMENT ONLY.